John W. Finnell *v.* Simon VanArsdall.

**Damages—Personal Injury—Pleading Defense—Recovery.**
    In a suit for damages on account of assault and battery, where the
    defendant raised no issue by his answer except the amount of dam-
    ages, it was not error for the court to refuse an instruction except as
    to the measure of damages.

**Recovery.**
    A party may recover exemplary damages without averring malice,
    in an action for an unlawful injury to the person.

APPEAL FROM MERCER CIRCUIT COURT.

March 8, 1875.

Opinion by Judge Lindsay :

The answer filed by appellant, and upon which he went to trial,
presented no defenses to the action, and raised no issue except as

to the measure of damages.   It contains no statement that at the time he struck appellee, he had unlawfully set upon him, nor that he had then and there threatened violence, and exhibited an intention to set upon him, having a present ability to carry the threat into execution.   If appellant merely used force to repel force, he knew the fact to exist from the beginning, and should have pleaded it.

The court did not abuse a sound discretion, in refusing to allow the amendment to be filed.   It recites no circumstance that was not known to appellant when he answered, and no excuse was offered for the delay in setting up the circumstances therein detailed.   Besides, the amendment violates the rules of pleading, by giving a history of the difficulty between the parties from its inception, instead of setting up the facts constituting, or supposed to constitute grounds for defense.

The instructions given the court could not have prejudiced appellant.   His guilt stood confessed, and he had no right to ask instructions except as to the measure of damages.   The law upon this subject was correctly given to the jury.   A party may recover exemplary damages without averring malice, in an action for an unlawful injury to the person.   The circumstances under which it was inflicted may go to the jury, and be considered in fixing the amount of the recovery.

We see no reversible error in the case before us.

Judgment *affirmed.*

*Kyle & Poston, for appellant.*

*J. B. & P. B. Thompson, T. C. Bell, for appellee.*